United States District Court
Southern District of Texas
**ENTERED**
April 08, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY DUKES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-04012 |
| | § | |
| FIESTA MART, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Before the Court are Defendant Fiesta Mart, LLC's Motion for Summary Judgment (Doc. No. 14), Plaintiff Kimberly Dukes's response thereto (Doc. No. 15), and Defendant's reply (Doc. No. 17). After careful consideration, the Court grants Defendant's Motion.

### I. Background

This case arises out of an incident that occurred on January 15, 2019, whereby the Plaintiff, Kimberly Dukes (hereinafter "Dukes" or "Plaintiff"), slipped and fell on a liquid substance while shopping at a Fiesta Mart, LLC (hereinafter "Fiesta Mart" or "Defendant") store owned and/or operated by Defendant in Houston, Texas. (Doc. No. 1, Ex. 2, at 3). Plaintiff alleges that she was walking through the store when "she slipped, landed forcefully on the ground and sustained severe and extensive injuries to her body." (*Id.*).

Dukes filed a state-court petition against Fiesta Mart on October 27, 2020. (*Id.* at 2). She asserts negligence and premises liability claims and seeks monetary relief over $200,000 but not more than $1,000,000. (*Id.* at 10).[1] Fiesta Mart removed the case to this court on November 24, 2020. (Doc. No. 1).

---

[1] Dukes also originally asserted a claim for "Gross Negligence/Malice," but she expressly withdrew and abandoned that claim in her summary judgment response. (Doc. No. 15, at 1).

## II.  Summary Judgment Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25.

The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

## III.  Discussion

### A.  Negligence

Fiesta Mart argues that Dukes's negligence claim fails because Dukes does not have evidence that she was injured by any contemporaneous, negligent activity on the premises rather than as a result of the property's condition. (Doc. No. 14, at 2). Under Texas law, "[r]ecovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*,

2

845 S.W.2d 262, 264 (Tex. 1992). Here, neither party has presented evidence indicating that Dukes was injured as a contemporaneous result of some activity. Dukes has failed to demonstrate there is an issue of material fact to support her negligence claim. Accordingly, Fiesta Mart's motion for summary judgment on the negligent activity claim is granted, and that claim is dismissed with prejudice.

**B.       Premises Liability**

Fiesta Mart also moves for summary judgment on Dukes's premises liability claim, arguing that it did not have actual or constructive knowledge of the hazardous condition and thus cannot be held liable. (Doc. No. 14, at 3–6). Dukes argues that the evidence shows that Fiesta Mart should have known about the water on the floor that caused her accident. (Doc. No. 15, at 9–11). She argues that the location of the hazard, its proximity to a store clerk, and the nearby placement of cones and place mats all demonstrate that Fiesta Mart should have known of the condition.

The court will first discuss the legal standard for premises liability claims in slip-and-fall cases and then discuss whether the foregoing evidence creates an issue of material fact precluding summary judgment.

Under Texas law, a premises owner "has a duty to exercise reasonable care to make the premises safe for invitees." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). In a slip-and-fall case, an invitee plaintiff must prove four elements:

> (1) Actual or constructive knowledge of some condition on the premises by the owner/operator;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

3

*Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). Defendant moves for summary judgment on the first element, knowledge. A slip-and-fall plaintiff can satisfy the knowledge element of a premises liability claim by showing that the defendant:

> (1) put the foreign substance on the floor; or (2) knew that the foreign substance was on the floor and negligently failed to remove it; or (3) that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care.

*Keetch*, 845 S.W.2d 262, 265 (Tex. 1992) (citing *Robledo v. Kroger Co.*, 597 S.W.2d 560, 560 (Tex. App.—Eastland 1980, writ ref'd n.r.e.).

Dukes alleges that Fiesta Mart "should have known of the hazard"—in other words, that it had constructive knowledge. (Doc. No. 15, at 2, 11). To demonstrate constructive knowledge, the plaintiff has to show that it is more likely than not that the substance was present on the floor long enough to give Fiesta Mart a reasonable opportunity to discover and remove the substance in the exercise of ordinary care. *Keetch*, 845 S.W.2d at 265. This "time-notice" rule is based on the assumption that temporal evidence best indicates whether the premises owner had a reasonable opportunity to discover and remedy a dangerous condition. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). "[T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.* at 816. In determining whether a premises owner had constructive knowledge, a court may consider the combination of (1) the length of the time the hazard existed, (2) the proximity of employees to the hazard, and (3) the conspicuousness of the hazard. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567–68 (Tex. 2006). "[M]ere proximity of an employee to a spill, without evidence of when or how it came to be on the floor, [is] legally insufficient to

charge a premises owner with constructive notice of the hazard." *Id.* at 567 (citing *Reece*, 81 S.W.3d at 816–87).

Here, the only issue is whether Fiesta Mart had constructive knowledge of a hazardous condition. Plaintiff, pointing to surveillance footage and Fiesta Mart's Customer Incident Report, contends that constructive knowledge is established because (1) the clear fluid was on the floor right in front of the store's service desk, a "high-trafficked area"; (2) the fluid was in close proximity to a store clerk; and (3) a caution cone and mats kept nearby imply that the store's employees knew that area was wet on occasion. (Doc. No. 15, at 7).[2]

As Fiesta Mart points out, however, Plaintiff has no evidence as to how the substance came to be on the floor or how long it was there. (Doc. No. 14, at 5). Indeed, Plaintiff conceded as much at her deposition:

> Q. . . . And you don't know how this substance got on the ground?
> A. No, ma'am, I do not.
> Q. Okay. And you don't know how long it was on the ground?
> A. No, ma'am, I do not.

(Doc. No. 15, Ex. 1, at 47:12–17).

---

[2] Based upon the Court's review of the video surveillance footage, the "cone" referenced by Plaintiff is perhaps better described as a yellow wet floor sign. (Doc. No. 14, Ex. 3). At the time of the incident, it was not deployed but rather appears to be stored near the entrance of the store. It was some distance away from where Plaintiff fell. As Plaintiff acknowledges, an employee placed it where the slip occurred only *after* Plaintiff's fall, in order to mop up the area. (Doc. No. 15, at 7). Thus, the cone has no bearing on Defendant's constructive knowledge of the hazard, because it does not go to any of the relevant factors (i.e., longevity, proximity, or conspicuousness of the hazard).

As far as the mats are concerned, Plaintiff appears to be referring to a black rubber floor mat (or mats—based upon the video, it is difficult to discern whether there is one long mat or multiple mats) placed in front of what might be an ice machine (again, the video itself does not allow an exact description) near the front of the store. (Doc. No. 14, Ex. 3). The Court will assume multiple mats as the Plaintiff's brief uses the plural—"mats." (Doc. No. 15, at 7). While closer to the area of the fall, there is no evidence that the mats were placed there because of any liquid on the floor where Plaintiff fell. Thus, like the presence of the cone, the existence of mats in the video, without more facts, does not help Plaintiff establish any of the required premises-liability elements.

Without any temporal evidence, Dukes has no viable premises-liability claim. *See Gonzalez*, 968 S.W.2d at 938 (acknowledging the time-notice rule is "harsh and demanding on plaintiffs"). Moreover, Dukes has failed to establish that the spill was conspicuous. Dukes acknowledges in her summary judgment response that the spill consisted of a clear liquid and asserts that the condition "was in fact invisible until Plaintiff fell in it." (Doc. No. 15, at 7).

In sum, Dukes has failed to offer any evidence establishing that the substance existed or was formed over any specific length of time, let alone that the hazard existed for a duration long enough to give Fiesta Mart a reasonable opportunity to discover and remove the substance in the exercise of ordinary care. Moreover, she has failed to establish that the substance was conspicuous. As a result, Plaintiff has failed to establish an issue of material fact regarding constructive notice. Her premises-liability claim is hereby dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**. Plaintiff's claims are dismissed with prejudice.

Signed at Houston, Texas, this 7th day of April, 2022.

Andrew S. Hanen
United States District Judge